UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MIRIT Y. HEMY**                                                        **CIVIL ACTION**

**VERSUS**                                                                      **NO. 21-1125**

**GERARD J. GIANOLI, M.D. ET AL.**                    **SECTION: H(4)**

### ORDER AND REASONS

Before the Court is Defendant David C. Baldone, M.D.'s Motion for Summary Judgment (Doc. 21). For the following reasons, this Motion is **GRANTED**.

### BACKGROUND

This case arises out of the aftermath of two medical procedures performed in 2015. Two years earlier, Plaintiff Mirit Y. Hemy first treated with Defendant Dr. Gerard J. Gianoli at the Ear & Balance Institute in Covington, Louisiana. Plaintiff complained of chronic disequilibrium, dizziness, and brain fog, and Dr. Gianoli diagnosed her with a perilymphatic fistula ("PLF"), prescribing medicine and recommending follow-up appointments. Plaintiff alleges that in the following months her symptoms improved markedly, albeit with occasional flare-ups. In August of 2014, Plaintiff chose to continue her

1

treatment rather than undergo surgery. In April of 2015, Plaintiff communicated to Dr. Gianoli that her symptoms were limited to occasional, intermittent lightheadedness. After her PLF diagnosis, Plaintiff and Dr. Gianoli corresponded about surgery on occasion.

On December 28, 2015, Dr. Gianoli subjected Plaintiff to vestibular tests, which allegedly revealed a fistula in Plaintiff's left ear that warranted surgical intervention. Dr. Gianoli allegedly disclaimed any noise, dizziness, or hearing loss as possible consequences of the procedure. The next day, before performing the PLF repair, Dr. Gianoli referred Plaintiff to Defendant Dr. David C. Baldone for a lumbar puncture because of "suspected increased intracranial pressure."[1] Plaintiff underwent the lumbar puncture by Dr. Baldone, followed by Dr. Gianoli's PLF repair.

Plaintiff alleges that almost immediately after these procedures, she began experiencing a host of new, debilitating symptoms: whistling in her ear, vertigo, pain, hearing loss, and more. On December 28, 2016, Plaintiff requested a medical review panel pursuant to the Louisiana Medical Malpractice Act, Louisiana Revised Statutes § 40:1299.41, *et seq*. On January 5, 2021, the panel rendered its opinion: Plaintiff's evidence did not demonstrate that Drs. Baldone and Gianoli breached their standard of care.[2] Thereafter, Plaintiff filed the instant suit before this Court, asserting medical malpractice claims against these Defendants.

---

[1] Doc. 1, ¶ 24.
[2] Doc. 21-3 at 2.

Now before the Court is Dr. Baldone's Motion for Summary Judgment.[3] Dr. Baldone argues that Plaintiff fails to present any evidence from an expert witness in support of her medical malpractice claim. Because such evidence is required, Plaintiff's claim should be dismissed, according to Dr. Baldone. To date, Plaintiff has filed no response to Dr. Baldone's motion.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor.[6] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[7] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish

---

[3] *See* Doc. 21.
[4] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[5] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[6] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[7] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

the existence of an element essential to that party's case."[8] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[9] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[10] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[11]

## LAW AND ANALYSIS

Having filed no response, Plaintiff provides no rebuttal to Dr. Baldone's argument that she fails to present the requisite expert testimony in support of her medical malpractice claim. However, "[a] motion for summary judgment cannot be granted simply because there is no opposition."[12] "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed."[13]

---

[8] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[9] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[10] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[11] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[12] Day v. Wells Fargo Bank Nat. Ass'n, 768 F.3d 435, 435 (5th Cir. 2014) (quoting Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985)).
[13] *Hibernia Nat. Bank*, 776 F.2d at 1279.

To prevail on a claim for medical malpractice, Louisiana Revised Statutes § 9:2794 requires a plaintiff to prove: "(1) the applicable standard of care; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury."[14] "Expert testimony is generally required to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony."[15] Accordingly, because Plaintiff has failed to present any expert testimony, the resolution of the instant motion turns on whether Dr. Baldone's alleged negligence rises to such a level of obviousness.[16]

The Louisiana Supreme Court has stated that "[e]xpert testimony is not required where the physician does an obviously careless act, such as fracturing a leg during examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient, or leaving a sponge in a patient's body, from which a lay person can infer negligence."[17] Here, Plaintiff alleges that Dr. Baldone failed to properly treat her, performed an unnecessary lumbar puncture, and failed to obtain proper informed consent.[18] These allegations do not rise to the level of obvious negligence necessary to forego expert testimony. "Medical expert testimony [is] necessary to determine the standard of care, breach and

---

[14] Lucas v. United States, CIVIL ACTION NO. 16-5009, 2017 WL 1549547, at *4 (E.D. La. May 1, 2017) (citing LA. REV. STAT. § 9:2794).
[15] Samaha v. Rau, 977 So. 2d 880, 884 (La. 2008) (citing Pfiffner v. Correa, 643 So. 2d 1228 (La. 1994)).
[16] *Cf.* Cruse v. United States, Civil Action No. 13–785, 2015 WL 6134030, at *2 (E.D. La. Oct. 19, 2015).
[17] *Pfiffner*, 643 So. 2d at 1233.
[18] *See* Doc. 1, ¶ 45.

causation where the surgery procedure [is] involved."[19] This is especially true in the present context, where Plaintiff underwent two separate procedures by different physicians. Without expert testimony, the Court cannot tell if one, both, or neither breached their standard of care or whether any such breach caused Plaintiff's injuries. Thus, Dr. Baldone is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant David C. Baldone, M.D.'s Motion for Summary Judgment (Doc. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim against Dr. Baldone is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the oral argument currently set for August 11, 2022 is hereby **CANCELED**.

New Orleans, Louisiana this 2nd day of August, 2022.

*[signature]*

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[19] Williams v. Metro Home Health Care Agency, Inc., 817 So. 2d 1224, 1229 (La. App. 4 Cir. 2002); *see also Lucas*, 2017 WL 1549547, at *4.